HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VITUS GROUP, LLC; VITUS DEVELOPMENT IV, LLC; RIVERWOOD TOWNHOMES, INC.; RIVERWOOD HOUSING PARTNERS, LP; GREEN MEADOWS HOUSING MANAGEMENT, LLC; GREEN MEADOWS HOUSING PARTNERS, LP; WESTLAKE LINWOOD HOUSING PARTNERS, LP; WESTLAKE LINWOOD HOUSING MANAGEMENT LLC; PINES HOUSING PARTNERS LP; and HILTON HEAD HOUSING PARTNERS LP, <br><br> Plaintiffs, <br> v. <br><br> ADMIRAL INSURANCE COMPANY, <br><br> Defendant. | No. 2:24-cv-00282-RAJ <br><br> ORDER |

This matter comes before the Court on Plaintiffs' Unopposed Motion to File their First Amended Complaint, Opposition to Defendant's Motion to Dismiss, and Supporting Declaration of Suyash Agrawal Under Seal. Dkt. # 30. The instant matter stems from an insurance dispute between Plaintiffs Vitus Group, LLC, Vitus Development IV, LLC, Riverwood Housing Partners, LP, Green Meadows Housing Management, LLC, Green

ORDER – 1

Meadows Housing Partners, LP, Westlake Linwood Housing Partners, LP, Westlake Linwood Housing Management, LLC, Pines Housing Partners, LP, and Hilton Head Housing Partners, LP (collectively "Vitus") and Defendant Admiral Insurance Company ("Admiral"). Plaintiffs are the insureds under primary liability insurance policies purchased from Admiral. Dkt. # 31 (First Amended Complaint) ¶ 1.2. Plaintiffs allege that Admiral has, over Plaintiffs' opposition, accepted policy-limit settlement demands in connection with several alleged shootings that have occurred on housing complexes owned by Plaintiffs. *Id.* ¶ 1.3. According to Plaintiffs, Admiral's actions are premature and have exposed Vitus to liability in connection with the underlying alleged shootings. *Id*. ¶ 1.5. Plaintiffs filed their complaint in King County Superior Court, and Admiral then removed the matter to federal court. Dkt. # 1, 1-2. Admiral has filed to dismiss or stay this action in favor of two interpleader lawsuits that Admiral filed in Georgia. Dkt. # 14. Vitus opposes Admiral's motion. Dkt. # 34. Plaintiffs have moved to remand the matter to King County Superior Court. Dkt. # 36.

Plaintiffs now seek to seal the First Amended Complaint (Dkt. # 32) and file a redacted version (Dkt. # 31) and to seal its Opposition to Admiral's Motion to Dismiss or Stay (Dkt. # 34) and the accompanying Declaration of Suyash Agrawal ISO Plaintiff's Opposition and supporting exhibits (Dkt. # 35). Dkt. # 30. Admiral does not oppose this request.

In the Western District of Washington, "there is a strong presumption of public access to the court's files." Western District of Washington Local Civil Rule ("LCR") 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B).

Under LCR 5(g), when a party files a stipulated motion to seal a document, the party must certify that all parties have conferred in an attempt to reach agreement as to

ORDER – 2

the need to seal and to minimize the amount of material filed under seal, and explore redaction and other alternatives to filing under seal. LCR 5(g)(3)(A). Further, the party must set forth a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B).

Although attorney-client privilege and the work-product doctrine may be "compelling reason[s]" to seal documents, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2nd Cir. 2006), "only in rare circumstances should" an opposition be filed under seal. LCR 5(g)(5). Instead, a party should "redact the confidential information from the …opposition" and file the unredacted pleading under seal, along with a motion to seal. LCR 5(g)(5)(A)-(B).

Here, Plaintiffs argue that there is good cause to seal the amended complaint, opposition brief, and declaration and supporting exhibits in order to protect privileged communications between the parties. However, Plaintiffs incorrectly assert that they have redated the minimal material needed to oppose Admiral's motion while preventing potential waiver of privilege. Dkt. # 30. In fact, the only redacted document that that has been filed by Plaintiffs is the Amended Complaint. *See* Dkt. # 30. Both the opposition to Admiral's motion to dismiss and the supporting declaration and exhibits have been filed under seal in their entirety. *See* Dkt. ## 34, 35.

The Court finds the proposed redactions to the Amended Complaint to be reasonable to protect privileged communications between the parties. Here, Plaintiff has requested a less restrictive alternative to sealing entire documents, *see* LCR 5(g)(3)(B), and this request is unopposed. The Court **GRANTS** Plaintiffs' request as to the Amended Complaint.

ORDER – 3

As to Plaintiffs' request to seal the opposition and supporting declaration and exhibits, this Court must balance Plaintiffs' interest in maintaining the confidentiality of privileged conversations with the right of public access. The sealing of entire documents fails to accomplish this goal and Plaintiffs fail to show why a less restrictive alternative to sealing, such as redaction, is not sufficient to protect privileged communications. *See* LCR 5(g). Therefore, Plaintiffs' request to seal the opposition (Dkt. # 34) and supporting declaration and exhibits (Dkt. # 35) is **DENIED** without prejudice. Plaintiffs may re-file the motion to seal and propose narrowly tailored redactions to the opposition, Agrawal declaration, and exhibits. Plaintiffs shall file any motion to seal containing revised redactions within **fourteen (14) days**. The Clerk shall not unseal any currently sealed documents filed pending further order of this Court.

DATED this 7th day of May, 2024.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4