HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VITUS GROUP, LLC; VITUS DEVELOPMENT IV, LLC; RIVERWOOD HOUSING PARTNERS, LP; GREEN MEADOWS HOUSING MANAGEMENT, LLC; GREEN MEADOWS HOUSING PARTNERS, LP; WESTLAKE LINWOOD HOUSING PARTNERS, LP; WESTLAKE LINWOOD HOUSING MANAGEMENT LLC; PINES HOUSING PARTNERS LP; HILTON HEAD HOUSING PARTNERS LP; and HOLLYWOOD SHAWNEE HOUSING PARTNERS, LP;<br><br>            Plaintiffs,<br><br>    v.<br><br>ADMIRAL INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. 2:24-cv-00282-RAJ<br><br>ORDER |

**I.     INTRODUCTION**

THIS MATTER comes before the Court on Plaintiffs Vitus Group, LLC; Vitus Development IV, LLC; Riverwood Housing Partners, LP; Green Meadows Housing Management, LLC; Green Meadows Housing Partners, LP; Westlake Linwood Housing Partners, LP; Westlake Linwood Housing Management LLC; Pines Housing Partners LP; Hilton Head Housing Partners LP; and Hollywood Shawnee Housing Partners, LP

ORDER – 1

1  (collectively, "Plaintiffs")'s Motion to Remand this case to King County Superior Court. Dkt. # 36.

Also before the court is Defendant Admiral Insurance Company ("Defendant" or "Admiral")'s Motion to Dismiss or Stay. Dkt. # 14.

For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES AS MOOT** Defendant's Motion to Dismiss or Stay.

## II.  BACKGROUND

While the crux of this case hinges on its procedural history, the Court will briefly address the substantive facts underscoring the matter.

This case arises out of an insurance dispute in which Plaintiffs claim Defendant improperly tendered its limits on certain insurance policies. Defendant issued two insurance contracts that cover Plaintiffs, who own or management apartment complexes, for claims deriving from these properties. Dkt. # 3-1 at 18-112, 113-218. In separate interpleader actions in Georgia, multiple tort claimants allege that Plaintiffs are liable to them for shootings that occurred at properties insured by Defendant. *See generally* Dkt. ## 4-1; 4-2. Most notable of these shootings was a fatal incident allegedly occurring at Riverwood Townhomes, a property managed by Plaintiff Riverwood Housing Partners, LP; and another at Westlake Apartments, a property managed by Plaintiff Westlake Linwood Housing Partners, LP. Dkt. # 32 at ¶¶ 5.1 – 5.3. Both of these properties are located in Georgia. *Id.*

Plaintiffs have been subject to other third-party liability claims under the two aforementioned insurance policies related to incidents at their properties in Georgia and South Carolina. *Id.* at ¶ 5.5. In the instant lawsuit, Plaintiffs claim that Defendant prematurely tendered its policy limits regarding the two fatal shooting events, which in turn reduces the aggregate amount of coverage available for other claims under the polices. *Id.* at ¶ 7.6. Plaintiffs assert the following causes of action: (1) declaratory judgment as to unauthorized settlement and tender of policy limits; (2) insurance bad faith as to the tender

ORDER – 2

of policy limits; (3) breach of contract; (4) declaratory judgment as to construction of the policies; (5) insurance bad faith as to construction of the Admiral policies; and (6) violations of the Washington Consumer Protection Act. *Id.* at ¶¶ 9.9 – 11.5.

Plaintiffs filed this action in King County Superior Court on February 2, 2024.[1] *See generally* Dkt. # 1-2.[2] Subsequently, Defendant removed the case to this Court, citing that diversity jurisdiction existed pursuant to 28 U.S.C. § 1332(a). Dkt. # 1 at ¶¶ 16-17. In addition to pleading that the requisite amount in controversy was satisfied, Defendant stated that "Defendants [sic] are citizens of Arizona, Delaware, Ohio, and Virginia," and "Plaintiffs are citizens of Washington, New York, South Carolina, and Georgia." *Id.* at ¶ 18. Plaintiffs contend this statement regarding citizenship is "wrong and incomplete." Dkt. # 36 at 3.

Plaintiffs move the court to remand this case to King County Superior Court. *See id.* Conversely, Defendant moves the court to dismiss or stay this action in favor of the ongoing interpleader cases. Dkt. # 14. In its response to Plaintiffs' Motion to Remand, Defendant posits that the Court can enter a non-merits dismissal based on the "first-to-file rule" without adjudicating whether jurisdiction exists. Dkt. # 40 at 14.

### III.  LEGAL STANDARD

**A.    Motions to Remand**

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). A defendant may remove a civil action brought in a state court of which the district courts have original jurisdiction. 28 U.S.C. § 1441(a).

There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980

---

[1] The original Complaint lists all Plaintiffs as having their principal place of business in Washington. Dkt. # 1-2 at ¶¶ 2.1 – 2.10.
[2] Plaintiffs have since filed an Amended Complaint, the substance of which remains unchanged from the original Complaint, as it merely lists an additional Plaintiff that does not factor into the Court's jurisdictional analysis, *infra*. Dkt. # 32.

ORDER – 3

F.2d 564, 566-67 (9th Cir. 1992). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005); *Gaus*, 980 F.2d at 566. The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006).

The removing party must carry this burden not only at the time of removal, but also when opposing a motion to remand. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). To assess jurisdiction, a court may consider facts in the removal petition and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

B.     **Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central

ORDER – 4

to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV.  DISCUSSION

### A.  Remand to King County Superior Court

There is no doubt that Defendant fails to meet its burden establishing that jurisdiction in this Court is proper, as it implicitly concedes it cannot determine the jurisdiction of certain parties in this case.

Defendant is a corporation organized under the laws of the State of Delaware, with its principal place of business in Scottsdale, Arizona. Dkt. # 32 at ¶ 2.11. In its Notice of Removal, Defendant alleges that Plaintiffs, all of whom are corporate entities, have partners who are Georgia, South Carolina, or Washington citizens. Dkt. # 1 at ¶¶ 18(a)(4)-(10). However, the evidence presented in the pleadings shows that it is impossible to determine with certainty the citizenship of each Plaintiff, and it is more likely than not that at least one Plaintiff is based in Delaware, thus defeating diversity.

For example, Plaintiffs' Motion breaks down the corporate structure of four entities, although the Court need only scrutinize one of them to find jurisdiction improper. Plaintiff Riverwood Housing Partners, LP ("Riverwood") is a Georgia limited partnership that has four partners. Dkt. # 37 at ¶ 5. A partnership is a citizen of all the states of which its partners are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A limited liability company (LLC) is a citizen of every state of which its owners/members are citizens. *See id.* ("[n]otwithstanding LLCs' corporate traits . . . every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction."). The evidence shows that one of Riverwood's partners, Alliant ALP 2021, LLC ("Alliant ALP") is likely a citizen of Delaware. Dkt. # 38 at 4-5. A public filing with the California Secretary of State further demonstrates that Alliant ALP's member or manager is WDAGP, LLC. *Id*. WDAGP, LLC is a subsidiary of Walker &

ORDER – 5

Dunlop, Inc., a corporation based in Delaware. *Id.* at 7. Accordingly, Riverwood has a high likelihood of possessing Delaware citizenship. In turn, this fact would sever diversity, as Defendant is a Delaware-based corporation. Dkt. # 32 at ¶ 2.11.

Although the documents presented by Plaintiffs are convincing, Plaintiffs do not have to establish that this Court lacks jurisdiction. As stated, *supra*, the party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *See Abrego Abrego*, 443 F.3d at 682-83. Defendant not only fails to meet its burden, but it also concedes that diversity jurisdiction likely does not exist. In its Response to Plaintiffs' Motion, Defendant provides that its own research is in accordance with that of Plaintiffs'. *See* Dkt. # 40 at 5 (admitting that WDAPG, LLC is a member or manager of Alliant ALP and is a Delaware limited liability company).

Defendant even directly states it cannot meet the requisite burden, noting that its "efforts in working through the ownership layers within the Four Plaintiffs [in question] has [sic] revealed additional limited liability companies and limited partnerships that appear to be organized in Delaware or Missouri." *Id.* at 12. Again, Defendant is a Delaware-based corporation. Dkt. No. 1 at ¶ 18. At the very minimum, there is at least a question as to whether diversity jurisdiction exists. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand this case to King County Superior Court. Dkt. # 36.[3]

**B.    Non-merits Dismissal Based on Georgia Interpleader Actions**

Likely anticipating that the Court would find jurisdiction improper, Defendant proceeds to make the peculiar argument that the better procedural vehicle would be to order a non-merits dismissal of the case based on first-to-file grounds. Dkt. # 40 at 14-17.

---

[3] Defendant requests that the Court allow it leave to conduct additional discovery. Dkt. # 40 at 12-14. The Court rejects this request for a multitude of reasons. First, it is already apparent that the likelihood complete diversity exists is next to minimal. Second, Defendant had the chance to do its research on this issue when removing this action to this Court. Finally, conducting further discovery would exhaust the resources of both the Court and the parties.

ORDER – 6

Defendant believes that the interpleader actions in Georgia can adjudicate the disputes between the parties, which were filed before the instant action. *Id.* at 15.

The purpose of the first-to-file rule is to conserve judicial economy and prevent conflicting rulings between multiple courts through litigating in the first-filed forum only. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (holding that courts should apply the first-to-file rule "with a view to the dictates of sound judicial administration."). Because this doctrine is based upon the principles of claim and/or issue preclusion, the Court views it akin to a Rule 12(b)(6) dismissal. *See Jiangmen Kinwai Furniture Decoration Co. Ltd. v. Int'l Mkt. Ctrs., Inc.*, 719 F. App'x 556, 557 (9th Cir. 2017) (applying the standard for a dismissal under Federal Rule of Civil Procedure 12(b)(6) to a first-to-file argument) (unpublished).

The Court need not wade into the minutiae of the first-to-rule doctrine, because it already ruled that it does not have jurisdiction over this case. Regardless, the rule does not apply in the present context. Defendant cites two cases to support its claim that dismissal on first-to-file grounds constitutes a non-merits dismissal. *See generally Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422 (2007); *Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853 (9th Cir. 2021). Simply put, these cases are inapposite to the instant matter. Primarily, the cases did not involve removal, as they were both filed in federal court. *Sinochem*, 549 U.S. at 427; *Snoqualmie Indian Tribe*, 8 F.4th at 857-858, 861. Second, the Ninth Circuit has directly stated that "*Sinochem* did not contemplate the issue of removal, perhaps because *the suit under consideration was initially filed in federal court.*" *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1088 n.5 (holding that if removal is improper, the case is not dismissed, but rather remanded to state court) (emphasis added). Because the Court granted Plaintiffs' Motion to Remand, it **DENIES AS MOOT** Defendant's Motion to Dismiss. Dkt. # 14.

**C.   Attorney's Fees**

Finally, Plaintiffs seek attorney's fees and costs incurred while litigating this case

ORDER – 7

in federal court. Pursuant to 28 U.S.C. § 1447, an order remanding a case to state court "may require payment of just costs and any expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter . . . ." *Id.* at 140.

The Court finds that although removal was improper, Defendant had a reasonable basis to seek removal as a procedural vehicle. The initial Complaint, which was the primary document upon which Defendant relied when petitioning for removal, listed the four corporate entities in question as being organized under the laws of Georgia or South Carolina, with Washington as their principal place of business. Dkt. # 1-2 at ¶¶ 2.3 – 2.10. It was not until after Plaintiffs filed their Motion to Remand that they claimed the structure of these parties threatened diversity jurisdiction, in turn triggering Defendant to dive deeper into this issue.

While it is unfortunate that the parties had to exhaust resources to determine the complex nature of these parties' organization, Defendant was simply relying on the information provided to it in Plaintiffs' Complaint. Had the Complaint initially noted that one of these entities could have Delaware citizenship, removal would not be objectively reasonable. Although there is an argument that Defendant should have conducted the requisite research prior to removing this case, the Court must focus on the Complaint itself, the four corners of which formed the genesis of Defendant's petition for removal. Based on that information, Defendant had an objectively reasonable basis to remove this case, despite the Court's eventual finding that removal was improper. Accordingly, the Court does not find it warranted to grant Plaintiffs' request for attorney's fees and costs incurred

ORDER – 8

while litigating in federal court. While the standard to grant attorney's fees at this time is not satisfied, the Court reminds Defendant that is has an obligation to research the pertinent issues adequately, as it every attorney's duty to do so while they at the expense of their client.

## V.  CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES AS MOOT** Defendant's Motion to Dismiss or Stay.  Dkt. ## 36, 14.  The Clerk is instructed to remand this action to King County Superior Court.

Dated this 25th day of October, 2024.

The Honorable Richard A. Jones
United States District Judge

ORDER – 9